UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINE JONES                                   CIVIL ACTION

VERSUS                                            NUMBER: 15-06385

SOCIAL SECURITY ADMINISTRATION                    SECTION: "G"(5)

### REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. (Rec. doc. 15).[1/] Plaintiff has filed no memorandum in opposition to Defendant's motion, timely or otherwise.[2/] For the reasons that follow, it is recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed for want of jurisdiction.

*Pro se* Plaintiff, Christine Jones, filed the above-captioned matter seeking judicial review of a decision of the Social Security Administration ("SSA") reducing the amount of her monthly Supplemental Security Income ("SSI") benefits and directing her to repay an earlier overpayment of such benefits, which had occurred due to an increase in her income. (Rec. doc. 1). The Court's power to hear such a matter derives from 42 U.S.C. §405(g), into which 42 U.S.C. §1383(c)(3) is incorporated by reference and which vests a district court with jurisdiction to entertain a civil action contesting a "… final decision of the Commissioner of Social Security made after a hearing …" Under 42 U.S.C. §405(h), the right to judicial review

---

[1/] Because the Defendant relies on matters outside the pleadings, such as the Declaration of Cristina Prelle (rec. doc. 15-2), the motion is, in essence, a motion for summary judgment under Rule 56, Fed. R. Civ. P. *Flores v. Sullivan*, 945 F.2d 109, 110 n. 3 (5th Cir. 1991).

[2/] As Plaintiff has filed no memorandum in response to Defendants' motion, the Court may properly assume that she has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same): *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 EL 870437 (E.D. La. Mar. 7, 2013)(same).

created by §405(g) is conditioned upon compliance with the procedures set forth in the Social Security Act, namely, the proper and timely exhaustion of administrative remedies at the agency level. *See Lejeune v. Mathews*, 526 F.2d 950, 952 (5th Cir. 1976). The jurisdiction of the Court, therefore, depends on whether Plaintiff properly exhausted administrative remedies such that the decision that she challenges herein amounts to a "final decision" within the meaning of the Social Security Act. *See, e.g., Brandyburg v. Sullivan*, 959 F.2d 555, 557-62 (5th Cir. 1992); *Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 484 U.S. 969, 108 S.Ct. 466 (1987).

"A claimant may only obtain judicial review of a case arising under the Social Security Act if [s]he has first exhausted all available administrative remedies. This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council." *Celestine v. Soc. Sec. Admin.*, 486 Fed.Appx. 418, 419 (5th Cir. 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 2383 (2013)(footnotes omitted). "Initial determinations" are determinations made by the Commissioner "… that are subject to administrative and judicial review." 20 C.F.R. §416.1402. "Initial determinations regarding [S]upplemental [S]ecurity [I]ncome benefits include, but are not limited to, determinations about - … (b) [s]uspension, reduction, or termination of your SSI benefits … [and] (c) [w]hether an overpayment of benefits must be repaid to us; …" 20 C.F.R. §416.1402(b), (c). "The 'determination [of] whether or not an overpayment must be repaid is an initial decision subject to judicial review,' but the claimant must complete the entire four-step process to be entitled to judicial review." *Jones v. Colvin*, No. 15-CV-6381, 2016 WL 5947350 at *4 (E.D. La. Sept. 21, 2016), *adopted*, 2016 WL

5940868 (E.D. La. Oct. 13, 2016)(quoting *Jackson v. United States*, No. 07-CV-7216, 2008 WL 4089540 at *3 (N.D. Ill. Aug. 21, 2008)).

As reflected by the Declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, Plaintiff filed an application for SSI benefits on April 15, 1993, receiving a favorable determination on May 26, 1994 that found her disabled as of January 1, 1994. (Rec. doc. 15-2, p. 3). Plaintiff began receiving SSI benefits shortly thereafter. On September 4, 2015, SSA notified Plaintiff that her monthly benefits beginning in October of 2015 were being reduced by $142.00 due to an increase in her countable income. (*Id.* at pp. 3, 4-14). As a result of that increase in income, the notice also informed Plaintiff that the amounts that she had been paid from September of 2014 to September of 2015 had been recalculated. On October 13, 2015, SSA notified Plaintiff that she would be required to repay that earlier overpayment of $1,930.53 in SSI benefits and that she could ask for a waiver of recovery of overpayment or lodge an appeal, or both. (*Id.* at pp. 3, 15-19). According to Declarant Prelle, she is unaware of any information indicating that Plaintiff sought further available agency review of the decisions to reduce the amount of her monthly SSI benefits and to seek recoupment of its earlier overpayment of benefits. (*Id.* at p. 3). Absent any showing that Plaintiff filed a request for reconsideration, she has failed to exhaust her administrative remedies within the SSA and, as a consequence, judicial review of the Commissioner's overpayment determination is unavailable. *Jones*, 2016 WL 5947350 at *4 (quoting *Jackson*, 2008 WL 4089540 at *4). Because Plaintiff failed to exhaust remedies that were available to her through the SSA's administrative review process, there is no "final decision" that is susceptible to being properly reviewed by the Court. *Id.*

An exception to the exhaustion requirement exists where a plaintiff presents a colorable constitutional challenge to the Commissioner's decision. *Califano v. Sanders*, 430 U.S. 99, 108-09, 97 S.Ct. 980, 986 (1977). A colorable constitutional claim must be predicated on more than mere allegations of a due-process violation and may not be wholly insubstantial, immaterial, or frivolous. *Jones*, 2016 WL 5947350 at *4 (quoting *Ramirez v. Colvin*, No. 15-CV-0127, 2016 WL 94145 at *3 (W.D. Tex. Jan. 7, 2016)). The cornerstone of due process is a "meaningful opportunity to be heard." *Ford v. Shalala*, 87 F.Supp.2d 163, 175-76 (E.D. N.Y. 1999)(quoting *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020 (1970)).

By providing the multi-step administrative review process described above, the Commissioner has furnished Social Security applicants with the process that is due to them and through which Plaintiff could have challenged the SSA's overpayment determination. 20 C.F.R. §416.1402(a) – (c). "That she chose not to does not elevate her claim[s] to constitutional proportions for which administrative remedies need not be exhausted" because "[t]o hold otherwise would be to completely eviscerate the exhaustion requirement." *Bryant v. Astrue*, No. 11-CV-0564, 2011 WL 3352447 at *3 (E.D. La. June 3, 2011), *adopted*, 2011 WL 3359558 at *3 (E.D. La. Aug. 3, 2011). For these reasons, it is recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed for want of jurisdiction. *Id.*

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be granted and that Plaintiff's suit be dismissed for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3]

New Orleans, Louisiana, this  10th  day of _____November_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.